IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:01CR3092 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| JAMES M. CRAWFORD, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

On November 18, 2005, Mr. Crawford appeared before me in regard to a petition for warrant for an offender under supervision. While his court appointed counsel advised that Mr. Crawford was prepared to admit the allegations of the petition, she expressed a concern about the defendant's depression. I made an inquiry of the defendant, and I, too, became concerned about the issue of depression. As a result, I did not require that Mr. Crawford admit or deny the allegations of the petition.

Mr. Crawford was found guilty of a methamphetamine conspiracy, and, after his sentence was reduced for cooperation with the government, he was ordered to serve 35 months in prison and 4 years of supervised release. His supervised release term began on April 16, 2004 after he completed his prison sentence.

On August 24, 2005, a petition was filed by the probation officer and a warrant issued for the defendant regarding violations of his conditions of supervised release. The probation officer has alleged 7 violations of the conditions of supervised release. They are: (1) failure to register as a convicted sex offender, thereby committing a felony under state law; (2) failure to submit monthly reports; (3) failure to keep the probation officer apprised of the defendant's whereabouts; (4) use of marijuana; (5) maintaining a relationship with a felon; (6) using alcohol; and (7) failing to appear for random urine tests. The defendant faces 36 additional months in prison and up to 48

months of additional supervised release if he is found to have violated his conditions of supervised release.

Mr. Crawford told me that he had been living out of his car. He apparently worked at temporary jobs. Aside from the fact that he sometimes used his mother's home to shower, he was otherwise homeless. His mood appeared hopeless and depressed. The presentence report prepared in 2002 for the underlying federal drug conviction reports a past history of mental and emotional health issues, including drug dependence and alcohol abuse. (Presentence Report ¶¶ 76-79.)

Due to the foregoing, I decided to order a psychiatric and psychological examination of the defendant pursuant to 18 U.S.C. § 3552(c), 18 U.S.C. § 4241(b), and 18 U.S.C. § 4244(b) to determine: the defendant's present mental status, his competency to participate in these proceedings, and what treatment considerations should be addressed at sentencing if the defendant be found to have violated his conditions of supervised release. As a result, adjudication and disposition will be continued to await the results of the examination. Accordingly,

IT IS ORDERED that:

1.     The United States Bureau of Prisons shall designate a medical center for federal prisoners at which the defendant shall be examined pursuant to this order. Upon such designation, the defendant, who is in custody, shall be transported to the place designated by the Bureau of Prisons by the U.S. Marshal. The defendant shall be detained until further order of the court.

2.     Pursuant to 18 U.S.C. § 3552(c), 18 U.S.C. § 4241(b), and 18 U.S.C. § 4244(b), the Bureau of Prison shall evaluate the defendant and determine: (a) the defendant's present mental condition and competency to participate in hearings associated with revocation of supervised

release; and (b) if the defendant is found to have violated his conditions of supervised release, what treatment considerations should be addressed at sentencing. The Bureau of Prisons shall provide me with a written report in accordance with 18 U.S.C. § 4247(c)(1)-(3) & (4)(A)&(E) and the terms of this order. The evaluation shall be submitted to the court and counsel within 60 days of the defendant being delivered to the medical center.

3.     The defendant's counsel shall promptly provide the probation officer with copies of any evaluations or medical records counsel has in her possession. The officer shall provide the medical center with those materials together with all other materials the officer believes will assist the medical center in conducting the evaluation, including any presentence reports.

4.     The probation officer assigned to this case (Drew Cromwell) is requested to facilitate the implementation of this order and coordinate this case with the Bureau of Prisons. In particular, he shall provide the Bureau with copies of the presentence reports and violation reports.

5.     Adjudication and disposition is continued until further order of the court.

November 18, 2005.          BY THE COURT:

                             s/ *Richard G. Kopf*
                             United States District Judge